## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**THOMAS L. D'AQUIN**                                **CIVIL ACTION**

**VERSUS**                                           **NO. 25-1343**

**U.S. BANK NATIONAL ASSOCIATION**                   **SECTION: D (3)**

## ORDER AND REASONS

Before the Court is a Motion to Strike Defendant's Affirmative Defenses filed by Plaintiff Thomas L. d'Aquin.[1] Defendant U.S. Bank National Association has filed a Response.[2] After careful consideration of the plaintiff's memorandum, defendant's response, the record, and the applicable law, the Motion is **DENIED**.

### I.    FACTUAL BACKGROUND

Plaintiff Thomas L. d'Aquin filed suit against U.S. Bank National Association on June 28, 2025. In his Complaint, Plaintiff alleges that Defendant denied him access to funds which he deposited into his bank account and that an employee of Defendant then "publicly accused Plaintiff of submitting a 'bad check' in the presence of others."[3]  This statement, Plaintiff avers, caused him emotional harm.[4] In his Complaint, Plaintiff alleges a violation of "Regulation 12 CFR Part 229" (Count 1), "Defamation (Slander Per Se)" (Count 2), and Emotional Distress  (Count 3).[5] Defendant filed an Answer on September 12, 2025 in which it denied all allegations

---

[1] R. Doc. 17.
[2] R. Doc. 19.
[3] R. Doc. 1.
[4] *Id*.
[5] *Id*.

made in the Complaint and asserted thirty affirmative defenses.[6]

Plaintiff filed the instant motion on October 2, 2025, in which he asks the Court to strike certain affirmative defenses from the Answer for being "insufficient, redundant, immaterial, and/or legally improper."[7] He specifically seeks to strike the twelfth and sixteenth defense for being conclusory, the twenty-second and twenty-seventh for being legally inapplicable, the twenty-eighth for being unsupported, and others unenumerated for being contradictory.[8] Defendant responded that the affirmative defenses are sufficiently pled and sufficient as a matter of law and that Plaintiff has failed to demonstrate how he is prejudiced by the presence of the Defendant's affirmative defenses in the Answer.[9]

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10] A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."[11] "'Even when technically appropriate and well-founded,' motions to strike are not to be granted 'in the absence of a showing of prejudice to the moving party.'"[12] "The district court possesses considerable discretion

---

[6] R. Doc. 12.

[7] R. Doc. 17.

[8] R. Doc. 17-2 at p. 1.

[9] R. Doc. 19 at pp. 3-4.

[10] FED. R. CIV. P. 12(f).

[11] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation modified).

[12] *Abene v. Jaybar, LLC*, 802 F.Supp.2d 716, 723 (E.D. La. 2011) (Fallon, J.) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d. ed. 2004)).

in disposing of a Rule 12(f) motion to strike."[13]  Even so, "the action of striking a pleading should be sparingly used by the courts."[14]

Affirmative defense must be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[15] Simply naming the affirmative defenses may or may not be sufficient to satisfy that pleading standard, depending on the nature of the case.[16] In this matter, Plaintiff has failed to assert how the presence of the affirmative defenses in Defendant's Answer prejudices him.

Plaintiff has not established sufficient grounds to justify the striking of the affirmative defenses listed in the Answer. Because they are disfavored remedies, courts typically grant motions to strike only upon a showing of prejudice to the moving party.[17] In his memorandum, Plaintiff has not established how the inclusion of the affirmative defenses in the Defendant's Answer will prejudice him.  Indeed, he has made no claim of prejudice. The Court is thus unable to conclude that any prejudice would result from not striking the affirmative defenses in the Defendant's Answer, especially in light of the fact that this case is in its infancy as a Scheduling Conference has not yet been held to set discovery and other deadlines.[18]

---

[13] WRIGHT & MILLER, supra note 10; *see United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) ("We review a district court's ruling on a motion to strike for abuse of discretion.").
[14] *Coney*, 689 F.3d at 379 (quoting *Augustus*, 306 F.2d at 868) (citation modified).
[15] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[16] *Id*. ("We acknowledge that in some cases, merely pleading the name of the affirmative defense…may be sufficient").
[17] *Abene*, 802 F. Supp. 2d at 723 (E.D. La. 2011); *Gaudet v. Nations*, No. CV 19-10356-WBV-JVM, 2022 WL 1015032, at *1 (E.D. La. Apr. 5, 2022) (Vitter, J.) ("The moving party must generally make a showing of prejudice before a motion to strike is granted.").
[18] *Id*. at 724.

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Strike filed by Plaintiff Thomas L. d'Aquin is **DENIED without prejudice**.

New Orleans, Louisiana, November 3, 2025.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**